Dr. Martin TREPEL, Plaintiff–
Appellant,

v.

ROADWAY EXPRESS, INC.
Defendant–Appellee.

No. 01–3563.

United States Court of Appeals,
Sixth Circuit.

April 21, 2003.

Before NELSON, COLE, and GILMAN, Circuit Judges.

OPINION

COLE, Circuit Judge.

Plaintiff–Appellant Dr. Martin L. Trepel appeals the denial of his motion for attorneys' fees and other taxable costs incurred during trial. Trepel argues that, due to the peculiar procedural history of this case, most of the issues involved in the present appeal, such as the award of attorneys' fees and travel costs for expert wit-nesses, have already been decided by this Court, and are therefore governed by the doctrine of the "law of the case." In addition, Trepel argues that the district court, improperly relying on an incorrect date for the mandate issued by this Court, erred in denying his motion to tax the costs of the transcript from a prior proceeding in this case. Defendant–Appellee Roadway Express, Inc. ("Roadway Express") argues that Trepel has waived his claim to attorneys' fees, that only certain issues regarding taxable costs should be remanded to the district court, and that this Court should remand the issue of taxing the transcript costs.

For the reasons that follow, we VACATE the decision of the district court and REMAND this case for further proceedings.

## I. BACKGROUND

The history of this litigation is protracted and somewhat complex, as this is the fifth appeal before this Court stemming from the same litigation. The factual history of this case is adequately chronicled in our three previous opinions, and we therefore find it unnecessary to delve too deeply into the background of this case for purposes of the present appeal. *See Trepel v. Roadway Express, Inc.*, 40 Fed. Appx. 104, 2002 WL 1402211 (6th Cir. June 27, 2002) (unpublished) (hereinafter *"Trepel IV"*); *Trepel v. Roadway Express, Inc.*, 266 F.3d 418 (6th Cir.2001) (hereinafter *"Trepel III"*); *Trepel v. Roadway Express, Inc.*, 194 F.3d 708 (6th Cir.1999) (hereinafter *"Trepel I & II"*).

In 1993, Trepel purchased an African tribal carving, known as the "Baga serpent," in New York City for the price of $15,000, and then arranged to have Roadway Express transport the object to Phoenix, Arizona. The serpent was broken

during transport, and Trepel filed a claim with Roadway Express for damages. When Roadway Express failed to initiate dispute resolution proceedings, Trepel filed suit in federal court.

A jury trial was conducted in 1997 before District Judge Bell, during which Trepel called numerous expert witnesses. At the end of this first trial, the jury awarded damages to Trepel in the amount of $80,000. Trepel appealed this jury verdict, and this Court awarded him a new trial on the issue of damages only on the ground that the district court abused its discretion by not allowing Trepel's experts to testify regarding the basis for their opinions as to the Baga serpent's value. *Trepel I & II,* 194 F.3d at 719. Roadway Express's cross-appeal, in which it argued that the district court erred in denying its motion for judgment notwithstanding the verdict, was denied. *Id.*

Additionally, Trepel filed a post-judgment motion for attorneys' fees with the trial court, which was subsequently denied by District Judge Polster on the ground that such fees were not recoverable for cases involving "objects of art" pursuant to the Household Goods Transportation Act ("HGTA"), 49 U.S.C. § 11711(d) (1993) (repealed 1995). The district court also awarded Trepel only a portion of the costs he sought. Trepel then appealed this denial of attorneys' fees and costs.

While the appeal of the denial of attorneys' fees and costs was pending, District Judge Gwin conducted a new jury trial on the issue of damages, pursuant to the remand order of this Court. At the conclusion of this second trial, the jury awarded damages to Trepel in the amount of $155,000. Due to an apparent clerical error, the district court entered judgment on February 18, 2000, in favor of Trepel for the amount of $150,000. On March 3, 2000, Trepel again moved for attorneys'

fees. On March 6, 2000, Trepel moved under Federal Rule of Civil Procedure 60(a) to correct the February 18 judgment to reflect the proper amount of damages awarded by the jury. An amended judgment in the amount of $155,000 was entered by the district court on March 27, 2000. Trepel's motion for a new trial was denied, and he filed an appeal of this second verdict with this Court on July 6, 2000.

The district court referred the issue of attorneys' fees and costs after the second trial to Magistrate Judge Gallas, the same magistrate judge who had provided a report and recommendation concerning attorneys' fees and costs from the first trial. This second report and recommendation again found that Trepel was not entitled to attorneys' fees, reincorporating the prior report and recommendation on this subject. Magistrate Judge Gallas acknowledged that this ruling was contingent because no decision had yet been issued from the appeal of the prior order.

According to Magistrate Judge Gallas's second report and recommendation, in addition to attorneys' fees, Trepel sought: (1) the costs of witness fees at the statutory rate in accordance with 28 U.S.C. § 1821(b); (2) travel expenses for those witnesses in accordance with 28 U.S.C. §§ 1821(c) and 1920(3); (3) subsistence allowances for the witnesses as set forth under 28 U.S.C. § 1821(d); (4) expert witness fees for deposition and time spent in preparation for deposition; (5) costs of stenographic transcripts assessable under 28 U.S.C. § 1920(2); (6) costs for the trial transcript from the first trial; and (7) compensation for interpreters assessable under 28 U.S.C. § 1920(6).

Roadway Express did not object to the amount sought for witness fees, subsistence allowance, or interpreter expenses, and Magistrate Judge Gallas therefore recommended that Trepel be awarded the

sum of $1,580.00 for these costs. Roadway Express did file objections to the remaining costs sought by Trepel.

Despite Roadway Express's objections that Trepel did not provide proper documentation, Magistrate Judge Gallas awarded $2,241.45 to Trepel for taxable stenographic transcripts. Trepel's request for $2000 for the time spent by Francine Ndiaye, former curator of African Art at the Musee de l'Homme in Paris, in preparation for and during her deposition was disallowed because Trepel failed to move separately for this cost under Federal Rule of Civil Procedure 26, and because Trepel lacked documentation to support this charge. With regard to travel expenses, Magistrate Judge Gallas approved a total of $1,047.40, which included 32.5 cents per mile for each expert witness for up to 200 miles round-trip per person. Trepel had sought $10,546.61 in travel expenses, and filed an additional supplement increasing these costs. Finally, the report and recommendation suggested disallowing the claim of $4,626 for the cost of the transcript from the first trial under Federal Rule of Appellate Procedure 39(e), finding that the request was not submitted within a reasonable time after the receipt of the order of remand from this Court.

Thus, the total taxable costs recommended by the magistrate judge amounted to $4,868.85, distributed as follows:

| | |
|---|---|
| (1) witness fees | $ 320.00 |
| (2) travel expenses | $1,047.40 |
| (3) subsistence allowances | $1,060.00 |
| (4) expert witness fees | $ 0 |
| (5) stenographic transcript costs | $2,241.45 |
| (6) transcript from first trial | $ 0 |
| (7) interpreter compensation | $ 200.00. |

The district court adopted in full the magistrate judge's report and recommendation on March 21, 2001. It is this order from which Trepel now appeals.

After the district court adopted the magistrate judge's report and recommendation, but before the parties filed their briefs on appeal, this Court issued an opinion in connection with Trepel's appeal of the denial of attorneys' fees and costs resulting from the first trial. *See Trepel III,* 266 F.3d 418. In the opinion, this Court held that the HGTA did subject Roadway Express to the fee-shifting provisions contained therein, that the HGTA did cover the shipment of the Baga serpent, thus subjecting Roadway Express to liability for attorneys' fees, and that the district court improperly limited recovery of costs associated with Trepel's expert witnesses. *Id.* This Court therefore vacated the district court's decision regarding attorneys' fees, and vacated the district court's decision regarding the taxation of witness travel expenses and the taxation of expert witness deposition fees. *Id.* at 419.

This Court also recognized that Roadway Express had argued before the magistrate judge that even if Trepel were entitled to attorneys' fees under the HGTA, he had waived his right to those fees by failing to claim them in his complaint and failing to file a motion for attorneys' fees within fourteen days of the entry of judgment. *Id.* at 424. However, because the magistrate judge denied attorneys' fees on the ground that Trepel was not entitled to them under the HGTA, the issue of waiver was not reached. *Id.* Accordingly, this Court remanded the case to the district court to determine whether Trepel waived his right to attorneys' fees. *Id.*

In an order dated November 15, 2001, Judge Polster responded to this Court's remand order on the issue of attorneys' fees and costs from the first trial by denying as moot Trepel's motion for attorneys' fees and bill of costs. In so doing, Judge Polster concluded that a decision regarding fees and costs as to the first trial was mooted by the subsequent trial and second decision regarding fees and costs, and stat-

ed that any decision he could render would be unable to resolve the issue of fees and costs in its entirety.

At the time the present appeal was initiated, and at the time the briefs were filed by the parties, this Court had yet to rule on Trepel's appeal from the second jury verdict. In the interim, we affirmed the judgment of the district court in that matter. *Trepel IV,* 40 Fed.Appx. 104.

Thus, this Court is now presented with Trepel's appeal from the denial of his motion for attorneys' fees and the disposition of his bill of costs after the second jury verdict.

## II. ANALYSIS

### 1. *Attorneys' Fees*

Under the doctrine of the law of the case, the decision of an appellate court in a given case is the law of that case and no question therein decided will be considered in a subsequent appeal in that case. *United States v. Campbell,* 168 F.3d 263, 265 (6th Cir.1999); *United States v. Moored,* 38 F.3d 1419, 1421 (6th Cir.1994). In the present case, this Court has already held, in contrast to the ruling of the district court, that the HGTA provides a statutory basis for the award of attorneys' fees from Roadway Express to Trepel. *Trepel III,* 266 F.3d at 424.

Roadway Express, acknowledging that it can no longer contend that the HGTA does not provide a basis for Trepel to recover attorneys' fees, argues that Trepel has waived his claim to attorneys' fees because: (1) Trepel did not plead attorneys' fees in his complaint; and (2) Trepel failed to comply with Federal Rule of Civil Procedure 54(d)(2)(b), which requires him to file a motion for attorneys' fees no later than fourteen days after entry of judgment, specifying the judgment entitling him to the award.

We do not find either of these rationales presented by Roadway Express to be persuasive. First, while it is true that Trepel did not specifically plead attorneys' fees in his original complaint, this failure does not necessarily mean that his claim to attorneys' fees has been waived. In cases such as this, where the applicable statute provides an attorney-fee provision, the specific pleading of such fees in a complaint is not required. *See Ams. United for Separation of Church & State v. Sch. Dist. of Grand Rapids.* 835 F.2d 627, 631 (6th Cir.1987) (holding that plaintiffs had not waived attorneys' fees pursuant to 42 U.S.C. § 1988. which permits an award of attorneys' fees to a prevailing party in a 42 U.S.C. § 1983 action, even though the plaintiffs' complaint did not refer § 1983). Because the HGTA contains an attorney-fee provision, which this Court held in *Trepel III* to be applicable to the present set of circumstances, a separate request for attorneys' fees in the pleading is not necessary.

Second, we find no merit to the claim that Trepel failed to comply with Rule 54 by filing his notice of appeal with this Court prior to the entry of the amended judgment. We read the district court's amended judgment, correcting the improper award of damages originally recorded, as being a nunc pro tunc order, thereby having retroactive legal effect. Accordingly, it was not necessary for Trepel to wait until after the amended judgment was entered to file his appeal.

Because we are unpersuaded by the arguments asserted by Roadway Express, because we view the record before us as being sufficiently developed to rule on this issue, and because we believe that Roadway Express was given adequate notice that attorneys' fees could be requested, we hold that Trepel's claims for attorneys'

fees have not been waived. The issue of attorneys' fees shall therefore be remanded to the district court for the calculation of appropriate fees.

### 2. Travel Expenses

#### A. Restricting travel expenses to 100 miles each way

■ This issue was squarely addressed in *Trepel III*. This Court has held that, "[i]n considering whether to allow expenses for traveling in excess of 100 miles, the court should consider the length of the journey, the necessity of the testimony, and the possibility of averting the travel expense." *Soberay Mach. & Equip. Co. v. MRF Ltd., Inc.*, 181 F.3d 759, 771 (6th Cir.1999) (citation omitted). Citing Soberay, this Court remanded the case in *Trepel III* so that the district court could "specify the reasons why it exercised its discretion to deny travel expenses outside of the 100 mile radius for all [ ] of Trepel's witnesses." 266 F.3d at 426. In light of *Trepel III*, we remand the issue of restricting travel to 100 miles each way per witness to the district court so that it may reconsider these expenses and explicitly apply the relevant *Soberay* factors.

#### B. Taxing Dr. Koestler's charter flight

Trepel included in his bill of costs a travel expense for Dr. Koestler, an expert on biodeterioration testifying for Trepel, in the amount of $5,501.00. The bulk of this expense, Trepel contends, is due to the fact that, in mid-trial, an unanticipated need for rebuttal testimony arose, and he therefore requested leave to recall Dr. Koestler to present this important testimony, which was granted. Trepel argues that Dr. Koestler was therefore required to travel from New York City to Akron, Ohio overnight, and the only way that this was possible was to charter a plane, which Trepel did, at the cost of $4,250.00.

Title 28 U.S.C. § 1821(c)(1) states, "A witness who travels by common carrier shall be paid for the actual expenses of his travel.... Such a witness shall utilize a common carrier at the most economical rate reasonably available." The magistrate judge's report and recommendation notes that there is "no emergency exception to the limitations prescribed under § 1821." Trepel, however, maintains that, given the critical circumstances, the charter flight was in fact the "most economical rate reasonably available."

■ In *Trepel III*, this Court noted that it was unable to review the district court's decision to limit travel expenses to a 100–mile radius because the district court did not provide an adequate explanation for its reasons for this limitation. 266 F.3d at 426. The same problem arises here. While the district court was correct in asserting that there is no explicit "emergency exception" to § 1821, in granting travel expenses at the most economical rater reasonably available, the language of the statute does appear to implicitly allow for emergencies. Given the circumstances surrounding this testimony, it appears that this charter flight may have been the most economical rate reasonably available. Thus, this issue is also remanded with instructions for the district court to provide a fuller explanation, sufficient for meaningful review, as to why this charter flight was not the most economical rate reasonably available, or, should the district court find that the charter flight was the most economical rate reasonably available, to award Trepel this expense.

#### C. Miscellaneous Costs

The district court denied costs to Trepel for parking, rental car usage, and gratuities. Trepel does not appeal the district court's ruling on any of these specific

costs, and the denial of these costs to Trepel is therefore affirmed.

### 3. Expert Witness Deposition Fees

■ The district court denied Trepel's request for the cost of Ndiaye's preparation for deposition and time spent during deposition. This request was denied on the grounds that: (1) Trepel's Rule 54 motion does not permit such relief, and he failed to move separately under Rule 26; and (2) Trepel failed to provide adequate documentation supporting the charges. This Court addressed the issue of deposition fees in *Trepel III*, and found that, while Trepel was clearly barred from recovery under Rule 54, Rule 26 provides an independent statutory basis for recovery of expert fees. 266 F.3d at 427. We therefore remanded the case to the district court to determine the deposition costs to which Trepel was entitled under Rule 26. *Id.* Thus, being bound by the doctrine of the law of the case, we likewise remand the present issue for a determination of costs due under Rule 26.

As to the district court's second rationale for denying these fees, that Trepel failed to provide adequate documentation, Magistrate Judge Gallas's report and recommendation stated only that "[b]oth of Roadway's reasons are valid." On remand, should the district court elect not to award deposition fees under Rule 26 on this ground, the district court should provide a fuller explanation, as to why the accompanying affidavit was not adequate.

Roadway Express concedes that remand is appropriate here to determine the fees applicable under Rule 26. Roadway Express also argues, however, that this Court should affirm the decision of the district court to refuse to award fees for time Ndiaye spent in preparation for deposition, rather than in deposition itself. However, the district court did not distinguish between fees associated with preparation and fees associated with conducting the deposition. There is no apparent decision by the district court in this regard for this Court to affirm. Moreover, to the extent that Roadway Express is correct in arguing that fees for time spent preparing for deposition are not recoverable under Rule 26, it can be assumed that the district court is competent to apply Rule 26 in a manner consistent with the law on remand.

### 4. Taxation of the Cost of the Transcript from the First Trial

In denying Trepel the cost of the transcript from the first trial, the district court adopted the magistrate judge's position that the time limit for securing this cost "would be a reasonable time following receipt of the order of remand from the district court." The magistrate judge went on to assert that, in this instance, "a reasonable time would have been during November or December 1999 or at least by January 2000." Trepel moved for the transcript cost as part of his taxed bill of costs filed March 3, 2000. However, the magistrate judge, and therefore the district court as well, erred in this calculation. Trepel asserts that the magistrate judge erroneously believed the date that this Court's remand order issued to be when *Trepel I & II* was filed, in October of 1999. Following this Court's opinion in *Trepel I & II*, however, Roadway Express moved for rehearing and rehearing en banc, thereby delaying the issuance of the remand mandate from this Court. Thus, the mandate from this Court issued on December 20, 1999, was filed in the district court on December 22, 1999, and was reassigned to Judge Gwin in the first week of January, 2000. Accordingly, the district court clearly erred in determining the reasonable time frame for Trepel to file this request, as most of the period in which the

magistrate judge suggested that the motion could have been filed was prior to the issuance of the mandate from this Court.

Recognizing this, Roadway Express concedes that remand is necessary now for the district court to determine whether, given the proper date of the mandate from this Court, Trepel requested this cost within a reasonable period of time.

In contrast, Trepel urges this Court to find, as a matter of law, that the delay was not unreasonable. Trepel contends that the seventy-two day period between the issuance of the mandate and the filing of his bill of costs, given the high level of activity that was occurring in this litigation during that period, is not excessive.

■ Because of the error by the district court with regard to the date this mandate issued, the district court has yet to rule on the issue of whether the time period between the issuance of the mandate and Trepel's request for transcript costs was reasonable. It is appropriate for the district court to address this question in the first instance. Therefore, we remand to the district court the question of whether Trepel requested the cost of the trial transcript within a reasonable period of time following the actual date upon which the mandate issued.

## III. CONCLUSION

For the foregoing reasons, we VACATE the district court's decision denying attorneys' fees to Trepel and REMAND the issue to the district court with instructions to award attorneys' fees; VACATE the district court's determination of travel expenses and REMAND with instructions to reconsider the 100–mile limitation and the denial of the charter flight expenses in light of this Court's disposition here and the opinion in *Trepel III;* VACATE the denial of deposition fees and REMAND

with instructions to determine what fees Trepel is due under Federal Rule of Civil Procedure 26; and VACATE the district court's denial of Trepel's request for the cost of the trial transcript and REMAND with instructions to decide this issue after determining whether the time between Trepel's request and the actual issuance date of this Court's mandate order was reasonable.